■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LYLE DOUGLAS, Appellant. [865 NYS2d 328]—

Appeal by the defendant, as limited by his brief, from so much of a sentence of the Supreme Court, Kings County (Gary, J.), imposed April 26, 2007, as, upon his conviction of criminal possession of a weapon in the third degree, upon his plea of guilty, directed him to register with the New York City Police Department as a gun offender pursuant to the Gun Offender Registration Act (*see* Administrative Code of City of NY § 10-601 *et seq.*) and comply with the further requirements of the Gun Offender Registration Act, in effect, as a condition of his probation.

Ordered that the sentence is reversed insofar as appealed from, on the law, and that portion of the sentence which directed the defendant to register with the New York City Police Department as a gun offender pursuant to the Gun Offender Registration Act and comply with the further requirements of the Gun Offender Registration Act, in effect, as a condition of his probation, is vacated.

On October 19, 2006 the defendant pleaded guilty to criminal possession of a weapon in the third degree (*see* Penal Law § 265.02 [former (4)]). Five months later, on March 24, 2007, New York City's Gun Offender Registration Act (Administrative Code § 10-601 *et seq.*; hereinafter GORA) became effective. GORA imposes certain obligations upon persons who, "after the effective date of [the] act," are convicted, inter alia, of criminal possession of a weapon in the third degree under subdivision (4) of section 265.02 of the Penal Law. At his sentencing, over objection, the defendant was directed to comply with GORA's requirements and was warned that "[a]ny violation of the Gun Registration Act . . . may . . . be the basis for revocation of . . . probation." (Administrative Code § 10-602 [d].)

On this appeal, the defendant contends that the Supreme Court erred in directing him to register pursuant to GORA and to comply with its requirements. As the defendant correctly maintains, and the People concede, because the defendant was not convicted of a gun offense "after the effective date of [the] act," GORA does not apply to him (Administrative Code § 10-

602 [d]). Thus, the defendant has no obligations under GORA and the court erred in directing him, in effect, as a condition of probation, to register under GORA and comply with its provisions. Accordingly, we reverse the sentence insofar as appealed from and vacate the condition of probation that requires the defendant to register with the New York City Police Department as a gun offender and otherwise comply with GORA. Skelos, J.P., Fisher, Dickerson and Belen, JJ., concur.