■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HINGINIO VENTURA, Appellant. [872 NYS2d 191]—

Appeals by the defendant (1), as limited by his brief, from so much of a sentence of the Supreme Court, Kings County (Gary, J.), imposed December 12, 2007, as, upon his conviction of criminal possession of a weapon in the third degree under indictment No. 885/06, upon his plea of guilty, directed him to register with the New York City Police Department as a gun offender pursuant to the Gun Offender Registration Act (*see* Administrative Code of City of NY § 10-601 *et seq.*) and comply with the further requirements of the Gun Offender Registration Act, in effect, as a condition of his probation, and (2) from a sentence

of the same court also imposed December 12, 2007, upon his conviction of criminal possession of stolen property in the third degree under indictment No. 7181/06, upon his plea of guilty.

Ordered that the appeal from the sentence imposed under indictment No. 7181/06 is dismissed as abandoned; and it is further,

Ordered that the sentence imposed upon the defendant's conviction of criminal possession of a weapon in the third degree under indictment No. 885/06 is reversed insofar as appealed from, on the law, and that portion of the sentence which directed the defendant to register with the New York City Police Department as a gun offender pursuant to the Gun Offender Registration Act and comply with the further requirements of the Gun Offender Registration Act, in effect, as a condition of his probation, is vacated.

On October 20, 2006, the defendant pleaded guilty, inter alia, to criminal possession of a weapon in the third degree (see Penal Law former § 265.02 [4]). More than five months later, on March 24, 2007, New York City's Gun Offender Registration Act (hereinafter GORA) (see Administrative Code of City of NY § 10-601 et seq.) became effective. GORA imposes certain obligations upon persons who, "after the effective date of [the] act," are convicted, inter alia, of criminal possession of a weapon in the third degree under subdivision four of section 265.02 of the Penal Law (Administrative Code of City of NY § 10-602 [d], [e]). At his sentencing, over objection, the defendant was directed to comply with GORA's requirements and was warned that "[a]ny violation of the Gun Registration Act . . . may . . . be the basis for revocation of . . . probation."

The defendant contends that the Supreme Court erred in directing him to register pursuant to GORA and to comply with its requirements. As the defendant maintains, and the People correctly concede, because the defendant was not convicted of a gun offense "after the effective date of [the] act," GORA does not apply to him (Administrative Code of City of NY § 10-602 [d]). Thus, the defendant has no obligations under GORA and the court erred in directing him, in effect, as a condition of probation, to register under GORA and comply with its provisions (see People v Douglas, 55 AD3d 750 [2008]). Accordingly, the sentence imposed upon the defendant's conviction of criminal possession of a weapon in the third degree under indictment No. 885/06 must be reversed insofar as appealed from and the condition of probation that requires the defendant to register with the New York City Police Department as a gun offender and otherwise comply with GORA must be vacated. Fisher, J.P., Miller, Carni and Balkin, JJ., concur.