◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EUGENE NELSON, Appellant. [873 NYS2d 156]—

Appeal by the defendant, as limited by his brief, from so much of a sentence of the Supreme Court, Kings County (Gary, J.), imposed April 26, 2007, as, upon his conviction of criminal possession of a weapon in the third degree, upon his plea of guilty, directed him to register with the New York City Police Department as a gun offender pursuant to the Gun Offender Registration Act (*see* Administrative Code of City of NY § 10-601 *et seq.*) and comply with the further requirements of the Gun Offender Registration Act, in effect, as a condition of his probation.

Ordered that the sentence is reversed insofar as appealed from, on the law, and that portion of the sentence which directed the defendant to register with the New York City Police Department as a gun offender pursuant to the Gun Offender Registration Act and comply with the further requirements of the Gun Offender Registration Act, in effect, as a condition of his probation, is vacated.

On March 24, 2007 New York City's Gun Offender Registration Act (Administrative Code of City of NY § 10-601 *et seq.*; hereinafter GORA) became effective. GORA imposes certain obligations upon persons who, "after the effective date of [the] act," are convicted, inter alia, of criminal possession of a weapon in the third degree under subdivision 4 of section 265.02 of the Penal Law. As the defendant contends and the People correctly concede, GORA does not apply to the defendant because his conviction predated GORA's effective date (*see People v Ventura,* 58 AD3d 884 [2d Dept 2009]; *People v Douglas,* 55 AD3d 750 [2008]). Accordingly, we reverse the sentence insofar as appealed from and vacate the condition of probation that requires

the defendant to register with the New York City Police Department as a gun offender and otherwise comply with GORA. Fisher, J.P., Miller, Carni and Balkin, JJ., concur.